# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JORGE PEREZ-CRUET, M.D.,     )
                       )
             Plaintiff,     )
                       )
v.                       )   Case Number CIV-04-145-C
                       )
ANTHONY J. PRINCIPI, Secretary,   )
United States Department of Veterans   )
Affairs,                     )
                       )
             Defendant.   )

## MEMORANDUM OPINION AND ORDER

Now before the Court are two motions: a Motion for Summary Judgment filed by Defendant Anthony J. Principi (Defendant), and a cross-Motion for Partial Summary Judgment filed by Plaintiff Jorge Perez-Cruet, M.D. (Plaintiff). Each litigant filed a response; therefore, the motions are ripe for adjudication. The Court, upon full consideration of the litigants' submissions and the applicable law, now **GRANTS** in part and **DENIES** in part Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's cross-Motion for Partial Summary Judgment.

## BACKGROUND [1]

Plaintiff is a Hispanic male, formerly employed by the Veterans Affairs Medical Center (VAMC) in Oklahoma City, Oklahoma, as a Staff Psychiatrist in the Substance Abuse Clinic in Mental Health Services. (Pl.'s Resp., Dkt. No. 37, Ex. 1 ¶¶ 2, 3; Def.'s Mot. for Summ. J.,

---

[1] All facts included herein are undisputed by the litigants or are deemed admitted for failure to adequately deny. See LCvR56.1(c).

Dkt. No. 30, Ex. G.) In September 2000, Plaintiff applied for the position of Chief, Psychiatry Service, but, in June 2001, VAMC selected another applicant. (Pl.'s Resp., Ex. 1 ¶ 4.) Believing he had been the target of age and race discrimination, Plaintiff spoke with Center Director, Steven Gentling (Gentling), about how the interviews were conducted, but proceeded no further with his complaints. (Id.) In March 2002, Plaintiff applied for the position of Chief, Substance Abuse Treatment Center, but, in November 2002, he received notification of non-selection. (Def.'s Mot. for Summ. J., at 2 ¶ 1, 4 ¶ 11.) Instead of Plaintiff, VAMC hired the only other applicant to the position, Dr. Clevenger, M.D., for the position. (Id. at 4 ¶ 15; id. at Ex. G.) Dr. Clevenger is a Native American and, at the time of her selection, was sixty-five years of age (id. at 5 ¶¶ 17, 21) while Plaintiff was seventy-one years of age (id. at 5 ¶ 16). Since his June 2001 non-selection for Chief, Psychiatry Service, position, Plaintiff believes that he has been subjected to continuous harassment based upon his race and age. (Pl.'s Resp., Ex. 1 ¶ 13.)

VAMC communicated EEO procedures to its employees by multiple means. Plaintiff received EEO training on at least three separate occasions—October 1999, August 2000, and December 2000—during which the instructor discussed the time frame for initiating contact with an EEO Counselor. (Def.'s Mot. for Summ. J., at 4 ¶ 10; Def.'s Resp., Dkt. No. 38, Ex. 1 ¶ 5.) In addition to the training, a large poster had been posted in the Canteen Service area for at least fifteen years stating that a complainant must initiate contact with an EEO Counselor within forty-five days of the event alleged to be discriminatory. (Def.'s Resp., Ex. 1 ¶ 2.) VAMC also periodically posted EEO procedures in its Weekly Bulletin. (Id. at Ex.

1 ¶ 5.)  Plaintiff also testified that he had previously filed a timely EEO complaint in 1995.

(Def.'s Mot. for Summ. J., at 7 ¶ 38, 8 ¶ 39.)

During the pendency of Plaintiff's application for the position of Chief, Substance

Abuse Treatment Center, he initiated contact with an EEO Counselor on June 13, 2002, and

timely filed an EEO complaint on August 1, 2002.  (Id. at 3 ¶¶ 5, 6; id. at Ex. E.)  In his EEO

complaint, Plaintiff alleged discrimination based upon race and age for failure to promote to

the position of Chief, Psychiatry Service, failure to promote to the position of Chief,

Substance Abuse Treatment Center,[2] and multiple instances of conduct alleged to constitute

a hostile work environment, one incident of which occurred within the forty-five day time

limit.  (Id. at Exs. B, E.)

Plaintiff concedes that he waited more than forty-five days to initiate contact with an

EEO Counselor with regard to the failure to promote to the position of Chief, Psychiatry

Service claims.  (Id. at 4 ¶ 10; Pl.'s Resp., at 7 ¶ 3.)  Plaintiff did not provide the EEO

Counselor with a justification sufficient to waive the forty-five day time limit.  (Def.'s Mot.

for Summ. J., Ex. B ¶ 9.)  As a consequence, the Department of Veterans Affairs' Office of

Resolution Management dismissed two of Plaintiff's claims for untimely contact with an EEO

Counselor:  failure to promote to the position of Chief, Psychiatry Service, in 2001 due to age

and race discrimination, and harassment/hostile work environment predicated upon how the

---

[2]  Plaintiff noted on the EEO complaint that the position of Chief, Substance Abuse Treatment Center, had not been filled as of the date he filed the complaint. (Def.'s Mot. for Summ. J., Ex. E.)  The EEO accepted the claim for processing as it related to matters raised during the informal counseling process. (Id. Ex. B ¶ 11.)

twenty interviews for the Chief, Psychiatry Service, position were conducted. (Id.) The EEO investigated the remaining claims and issued its Final Agency Decision concluding that Plaintiff had not established by a preponderance of the evidence that he suffered discrimination in the forms alleged in his EEO complaint. (Def.'s Mot. for Summ. J., Ex. C at 18.) Plaintiff timely filed the instant action. (Id. at 4 ¶ 14.)

### STANDARD OF REVIEW

Rule 56(a) and (b) authorize both Plaintiff and Defendant to move the Court for summary judgment by showing that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). How the moving party may demonstrate that it is entitled to summary judgment depends upon which party bears the burden of persuasion at trial. Anderson v. Dep't of Health & Human Servs., 907 F.2d 936, 947 (10th Cir. 1990). When the moving party bears the burden of persuasion at trial, the moving party must put forth evidence demonstrating that it would be entitled to a directed verdict. Id. A successful demonstration shifts the burden of production to the non-moving party who, in turn, must go beyond the pleadings and submit evidence demonstrating the existence of a genuine issue worthy of trial in order to defeat summary judgment. Id.

When the non-moving party bears the burden of persuasion at trial, the moving party may demonstrate it is entitled to summary judgment by two alternative means. First, the moving party may submit evidence negating an element of the non-moving party's claim. 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2727 (3d ed.

1998).  Second, the moving party may point out to the Court that the non-moving party lacks

sufficient evidence on an essential element of his claim.  Id.

      The Court's function at the summary judgment stage is not to weigh the evidence but

to determine whether there is a genuine issue worthy for trial.  Willis v. Midland Risk Ins. Co.,

42 F.3d 607, 611 (10th Cir. 1994).  "An issue is 'genuine' if, [viewing the full record] there

is sufficient evidence on each side  so that a rational trier of fact could resolve the issue either

way."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "The mere existence of a scintilla of

evidence in support of the non-moving party's position is insufficient to create a dispute of

fact that is 'genuine' . . . ."  Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997).  "An

issue of fact is 'material' if under the substantive law it is essential to the proper disposition

of the claim."  See Adler, 144 F.3d at 670 (citing Anderson, 477 U.S. at 248).  When deciding

whether summary judgment is appropriate, the Court views the evidence in the light most

favorable to the non-moving party, and draws all reasonable inferences in the non-moving

party's favor.  See Anderson, 477 U.S. at 255; Simms v. Oklahoma ex rel. Dep't of Mental

Health, 165 F.3d 1321, 1326 (10th Cir. 1999).

      Within the context of cross-motions for summary judgment, the litigants do not

necessarily concede the absence of a genuine issue of material fact in dispute.  Nafco Oil &

Gas, Inc. v. Appleman, 380 F.2d 323, 324-25 (10th Cir. 1967).  The Court is to consider each

motion on its own merits; "the denial of one does not require the grant of another."  Buell

Cabinet Co. v. Sudduth, 608 F.2d 431, 433 (10th Cir. 1979).  When adjudicating the motions,

the Court is authorized to assume that there is no additional evidence which needs to be considered other than that filed by the litigants; nevertheless, summary judgment is inappropriate if any material fact is still in dispute.  Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000).

### DISCUSSION

Plaintiff brings this action under 28 U.S.C. § 1331, federal question jurisdiction, and alleges that VAMC subjected him to treatment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., amended by 42 U.S.C. § 2000e-16 (1972) (Title VII), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq., amended by 29 U.S.C. § 633a (1974) (ADEA).  Defendant argues that summary judgment is proper because Plaintiff's allegations are either time-barred, administratively unexhausted, or that Plaintiff cannot put forth evidence demonstrating a prima facie case.  Plaintiff argues that the time limits for initiating contact with an EEO Counselor should be equitably tolled and his affected claims considered timely; furthermore, Plaintiff argues that he has put forth evidence detailing prima facie violations of both Title VII and the ADEA.

**I.      Plaintiff's Claims for Failure to Promote to Chief, Psychiatry Service.**

Plaintiff admits that he waited in excess of forty-five days before initiating contact with the EEO Counselor regarding his non-selection to the Chief, Psychiatry Service position. However, Plaintiff contends that the Court should equitably toll the federal employee time limit for initiating contact with an EEO Counselor because Plaintiff was neither notified nor otherwise aware of the time limits.

A.      EEO Regulations Regarding Extensions of Time.

Under EEO regulations, Plaintiff's complaint will be dismissed as untimely unless he initiated contact with an EEO Counselor within forty-five days of the alleged discriminatory act.  29 C.F.R. §§ 1614.105(a)(1),[3] 1614.107(a)(2).[4]  Two methods exist for extending the forty-five day time limit to initiate contact, one mandatory and the other discretionary. However, neither method is applicable to the instant action.

1.      Mandatory Extension of the Time Limit.

EEO regulations mandate that the forty-five day time limit must be extended under certain specific and delineated circumstances.

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have [] known that the discriminatory matter . . .  occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2).  Here, Plaintiff argues the first exception—that he was neither notified nor otherwise aware of the time limits—and offers three reasons in his affidavit for his lack of knowledge:  that EEO posters advising of the forty-five-day time limit were not posted in his department or unit; that he does not recall receiving EEO training pertaining to

---

[3] "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ."  29 C.F.R. § 1614.105(a)(1).

[4] "[T]he agency shall dismiss an entire complaint . . . [t]hat fails to comply with the applicable time limits contained in []§ 1614.105 . . . unless the agency extends the time limits in accordance with § 1614.604(c) . . . ."  29 C.F.R. § 1614.107(a)(2).

the procedural requirements; and that he initiated contact with Gentling, shortly after VAMC did not select him, but that Gentling failed to advise him as to the proper procedure and applicable time limits for EEO discrimination complaints. Plaintiff's reasons are insufficient to create a genuine issue of material fact precluding summary judgment.

Plaintiff's first reason is unavailing. Even though Plaintiff disputes the existence of small EEO posters in his area (Compare Def.'s Resp., Ex. 1 ¶ 3 with Pl.'s Resp., Ex. 1 ¶¶ 8, 11), he neither specifically controverts nor disputes that the time requirement for initiating contact with an EEO Counselor had been exhibited on a large EEO poster in the Canteen Service area for at least fifteen years and that it had also been periodically posted in VAMC's Weekly Bulletin. As a consequence, Plaintiff has admitted these facts for purposes of summary judgment. LCvR56.1(c). In addition, Plaintiff has failed to point the Court to any statute or regulation requiring that EEO posters of any particular size be posted specifically in his unit or department as opposed to other general areas within VAMC.

Plaintiff's second reason also fails under LCvR56.1(c). Plaintiff's statement that he cannot recall the contents of his EEO training does not specifically controvert the material fact that Plaintiff did receive proper and complete EEO training on at least three separate occasions. Moreover, Plaintiff testified that he filed an EEO complaint in 1995 and that he was aware of the EEO process. Consequently, this material fact is also deemed admitted. Id.

Plaintiff's third reason fails because EEO regulations precisely require Plaintiff to initiate contact with the EEO Counselor and not Gentling, the Center Director. Plaintiff does provide documentation showing that part of the Center Director's job responsibilities is

"[e]nsuring that all supervisors are knowledgeable about [the] discrimination complaint procedure" (Pl.'s Resp., Ex. 1B ¶ 4(a)(2)); however, Plaintiff has not submitted evidence demonstrating that the Center Director is also the EEO Counselor.  Because the two positions share a similar job responsibility regarding the communication of EEO procedures does not mandate the conclusion that the Center Director may be substituted as the proper contact in lieu of the actual EEO Counselor.  Moreover, even if Gentling had the responsibility of notifying Plaintiff of the time limit but failed to do so,[5] Plaintiff would still not be able to show how he "was not otherwise aware of [the time limits]" in light of the posters, training, and previously filed EEO complaint.  § 1614.105(a)(2).

---

[5] The evidence submitted by Plaintiff only demonstrates that Gentling had the responsibility of communicating EEO procedures to "supervisors."  At the time of these events, Plaintiff was a Staff Psychologist.  Plaintiff failed to provide evidence, or even make the claim, that he was also a "supervisor" to which Gentling was responsible to communicate EEO procedures.

2.      Discretionary Extension of the Time Limit.

EEO regulations also allow for a discretionary extension of the forty-five day time limit under the doctrine of equitable tolling. 29 C.F.R. §§ 1614.107(a)(2), 1614.604(c).[6] "Federal courts have typically extended equitable relief only sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (holding that equitable tolling applies to suits against the United States). In the Tenth Circuit, Plaintiff's untimely contact with the EEO Counselor may only be equitably tolled if VAMC actively deceived him or prevented him, in some extraordinary way, from asserting his rights. Montoya v. Chao, 296 F.3d 952, 957-58 (10th Cir. 2002) (discussing equitable tolling for Title VII claims); Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994) (discussing equitable tolling for ADEA claims). Here, Plaintiff neither claims nor offers evidence suggestive of VAMC's active deception or that it prevented Plaintiff, by extraordinary means, from asserting his second EEO claim. Instead, Plaintiff's proffered reasons for his belated contact with an EEO Counselor may only be described as "garden variety claim[s] of excusable neglect" which do not merit the application of equitable tolling. Irwin, 498 U.S. at 96.

The Court, after viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, finds that Plaintiff has failed to present evidence establishing the existence of genuine issues of material fact regarding whether the forty-five day time limit should be equitably tolled. Consequently, Defendant's motion for

---

[6] "The time limits in [§ 1614.105(a)(2)] are subject to waiver, estoppel and equitable tolling." 29 C.F.R. § 1614.604(c).

summary judgment, as it pertains to Plaintiff's claim of failure to promote to the position of

Chief, Psychiatry Service due to age and race discrimination, is granted.[7]

## II.   Plaintiff's Claims for Failure to Promote to Chief, Substance Abuse Treatment Center.

Plaintiff alleges in his EEO complaint that VAMC failed to promote him in 2002 to the

position of Chief, Substance Abuse Treatment Center, on account of his race and age in

violation of Title VII and the ADEA respectively.  The litigants agree that Plaintiff's failure

to promote claims are to be analyzed under the familiar three-step burden-shifting model

articulated by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411

U.S. 792 (1973).

Under the McDonnell Douglas analytical model, Plaintiff must first demonstrate a

prima facie case of discrimination by a preponderance of the evidence.   Id. at 802.

Establishing a prima facie case is not an onerous task and its elements are neither rigid nor

mechanical; it is a flexible standard able to accommodate differing factual scenarios and

allegations of discrimination.  Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54

(1981); McDonnell Douglas, 411 U.S. at 802 n.13; Stone v. Autoliv ASP, Inc., 210 F.3d 1132,

1139 (10th Cir. 2000).  If Plaintiff succeeds in establishing a prima facie case, the burden of

---

[7] If Plaintiff's harassment/hostile work environment claim was predicated solely upon how the twenty interviews were conducted, the actual hostile work environment claim itself would be time-barred and the Court's equitable tolling analysis would then apply.  However, Plaintiff timely alleged other acts in his EEO complaint which are a part of his harassment/hostile work environment claim; therefore, both timely and untimely events may be considered as evidence of a hostile work environment by the trier of fact.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115-20 (2002); see discussion at § V(B).

production shifts to Defendant to articulate a facially non-discriminatory and legitimate reason for not promoting Plaintiff.  McDonnell Douglas, 411 U.S. at 802.  If Defendant shoulders the burden, Plaintiff must then demonstrate by a preponderance of the evidence that Defendant's proffered legitimate reason is pretextual, that is, either false or contrived.  Id. at 803.  Even though the intermediate burdens shift between the litigants, the ultimate burden of persuasion always remains with Plaintiff to put forth evidence demonstrating that VAMC engaged in prohibited discriminatory conduct.  Texas Dep't of Cmty. Affairs, 450 U.S. at 253.

A.      Title VII and a Prima Facie Case of Failure to Promote Due to Race.

Under Title VII, to establish a prima facie case of race discrimination on a failure to promote claim Plaintiff must demonstrate (1) that he is a member of a protected class; (2) that he both meets the qualifications for Chief, Substance Abuse Treatment Center, and applied for the position; (3) that VAMC did not select him despite his qualifications; and (4) that VAMC either filled the position or that it remained available following his non-selection.  Amro v. Boeing Co., 232 F.3d 790, 796 (10th Cir. 2000); accord Jones v. Barnhart, 349 F.3d 1260, 1266 (10th Cir. 2003).  Defendant concedes that Plaintiff meets the first three elements (Def.'s Mot. for Summ. J., at 11), but argues that the fourth element should be that "[t]he position was filled by a person who was not a member of his protected class."[8]  (Id. at 10.) Defendant then goes on to conclude that VAMC could not have discriminated against

---

[8] Defendant cites to Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867 (1984), and Diaz v. AT&T Corp., 752 F.2d 1356 (9th Cir. 1985), for support.  These cases neither support nor may they be construed to support Defendant's formulation of the fourth element.

Plaintiff, a Hispanic, as the selectee is Native American and also a member of a protected class.

Certain cases have worded the fourth element as if to state the requirement that the promoted person must not share the protected characteristic of the Title VII plaintiff; nevertheless, the requirement exists only in dicta. <u>Perry v. Woodward</u>, 199 F.3d 1126, 1135-38 (10th Cir. 1999) (describing in detail how the test requiring that the promoted person be outside the protected class came about and why it is erroneous).

> This court has never *applied* a test containing the inflexible requirement that a plaintiff who is a member of a group that has historically been discriminated against must show that [he] was replaced by someone outside [his] protected class to establish a prima facie case . . . under the *McDonnell Douglas* framework.

<u>Id</u>. at 1136. <u>See</u> <u>also</u> <u>Pitre v. W. Elec. Co.</u>, 843 F.2d 1262, 1272 (10th Cir. 1988) ("[T]hat a member of a protected class was hired or promoted in place of a Title VII plaintiff has repeatedly been held insufficient to insulate the employer from liability.").

Here, Plaintiff has put forth evidence demonstrating that VAMC filled the position with Dr. Clevenger (Pl.'s Resp., Ex. 4; <u>accord</u> Def.'s Mot. for Summ. J., at 4 ¶ 15, 5 ¶¶ 17, 21), thus fulfilling the fourth and final element of the prima facie case and raising the inference of racial discrimination. The intermediate burden of production now shifts to Defendant to rebut the inference of discrimination by articulating a legitimate, facially non-discriminatory reason for not promoting Plaintiff; however, Defendant fails to offer the Court any reason at all for VAMC's actions. Therefore, Defendant's motion for summary judgment, as it pertains to Plaintiff's Title VII claim for failure to promote due to race, is denied.

B.    The ADEA and a Prima Facie Case of Failure to Promote Due to Age.

Under the ADEA, to establish a prima facie case of age discrimination on a failure to promote claim Plaintiff must demonstrate (1) that he was within the protected age group at the time of his non-selection; (2) that he met the qualifications for Chief, Substance Abuse Treatment Center; (3) that VAMC did not select him despite his qualifications; and (4) that VAMC filled the position with a younger individual.  Furr v. AT&T Techs. Inc., 824 F.2d 1537, 1542 (10th Cir. 1987); accord Jones v. Unisys Corp., 54 F.3d 624, 630 (10th Cir. 1995). In O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996), the Supreme Court expounded upon the fourth element, holding that the inference of age discrimination "cannot be drawn from the [promotion] of one worker with another worker insignificantly younger."

As before, Defendant concedes the first three elements (Def.'s Mot. for Summ. J., at 11), but argues that Plaintiff cannot establish the fourth element as Dr. Clevenger is in the same age-protected class.  Defendant's argument has been explicitly rejected by the United States Supreme Court:  "The fact that one person in the protected class has lost out to another person in the protected class is . . . irrelevant, so long as he has lost out *because of his age*." Id. at 312.  Here, Plaintiff has put forth evidence adequate to create the inference that VAMC discriminated against him because of his age.  Dr. Clevenger is six years younger than Plaintiff, an age difference that cannot be said at the summary judgment stage to be "insignificantly younger" under Tenth Circuit precedent interpreting O'Connor.  See Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1166 (10th Cir. 2000) (holding that a two-year difference is insignificant under O'Connor).  As Plaintiff has demonstrated a prima facie case

under the ADEA of failure to promote due to age discrimination, the burden of production

shifts to Defendant under <u>McDonnell Douglas</u>.  Defendant, as before, fails to offer the Court

a legitimate and facially non-discriminatory reason for failing to promote Plaintiff.  Therefore,

Defendant's motion for summary judgment, as it pertains to Plaintiff's ADEA claim for failure

to promote due to age, is denied.

### III.    Plaintiff's Claim of Retaliation.[9]

As a federal employee, Plaintiff may choose either one of two routes in which to pursue

an ADEA-based discrimination claim against VAMC.  Plaintiff may first file a complaint with

the EEO and, if not satisfied with the administrative remedy, he may file a civil action in

federal court; alternatively, Plaintiff may directly file his action in federal court in the first

instance.  <u>Stevens v. Dep't of Treasury</u>, 500 U.S. 1, 5-6 (1991); 29 U.S.C. § 633a(d); 29

C.F.R. §§ 1614.103, -201, -407.

Here, Plaintiff invoked the EEO's administrative process first; therefore, he must

exhaust his administrative remedies for the ADEA retaliation claim prior to filing it in federal

court.  <u>See</u> <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 110-13 (2002) (holding that

each discrete incident of retaliation constitutes its own separate and actionable unlawful

employment practice for which administrative remedies must be exhausted prior to filing a

federal complaint); <u>Martinez v. Potter</u>, 347 F.3d 1208, 1210 (10th Cir. 2003); <u>Jones v.</u>

<u>Runyon</u>, 91 F.3d 1398, 1399 (10th Cir. 1996); <u>see</u> 29 C.F.R. § 1614.407 (authorizing the

---

[9] The Court previously dismissed Plaintiff's Title VII-based retaliation claim.  (Order, Dkt. No. 25.)

complainant to file a federal action only after receiving the agency's final decision). Plaintiff's failure to include a retaliation claim in his EEO complaint, and thereby exhaust his administrative remedy, is fatal to his ADEA retaliation claim as the Court lacks subject matter jurisdiction. Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002) (distinguishing between a failure to timely file an administrative charge, which is not a jurisdictional bar, and a failure to file an administrative charge at all, which is a jurisdictional bar); Runyon, 91 F.3d at 1399; Sampson v. Civiletti, 632 F.2d 860, 862 (10th Cir. 1980). Therefore, Defendant's Motion for Summary Judgment, as it pertains to Plaintiff's ADEA retaliation claim, is granted.

## V.      Plaintiff's Claims of a Hostile Work Environment.

### A.      Plaintiff's Cross-Motion for Partial Summary Judgment.

In Plaintiff's partial motion for summary judgment, the section bearing on his hostile work environment claims under Title VII and the ADEA cannot be construed as a motion for summary judgment—it is actually a response to an argument contained in Defendant's motion for summary judgment.[10]  (Compare Pl.'s Mot. for Partial Summ. J., Dkt. No. 33, at 2 with Def.'s Mot. for Summ. J., at 14.)  In his motion, Plaintiff fails to cite to any legal authority pertaining to a hostile work environment claim, demonstrate how there are no genuine issues of material facts in dispute, or demonstrate why he is entitled to judgment as a matter of law. As Plaintiff has not fully framed, developed, and supported a reasoned argument with legal

---

[10]  Plaintiff's motion also fails to contain a concise statement of uncontested facts as required by LCvR56.1(b).

authority, the Court will not consider his cross-motion for partial summary judgment on his hostile work environment claims.  Mitchell v. City of Moore, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court [i]s not obligated to comb the record in order to make [a party's] arguments for him."); Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir. 1992) (holding that a litigant must support an argument with legal authority); see Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1547 (10th Cir. 1995) (declining to consider issues not adequately briefed).

B.      Defendant's Motion for Summary Judgment.

In Plaintiff's EEO complaint, he filed hostile work environment claims premised upon events occurring in 2002 which the EEO accepted as timely.  Defendant's sole argument is that Plaintiff did not make timely contact with an EEO officer pursuant to 29 C.F.R. § 1614.105(a)(1); therefore, the Court should grant summary judgment on the ground that the claims are time-barred.  Plaintiff contends that hostile work environment claims are not subject to Morgan's discrete event analysis, thus the claims are not time-barred.  Plaintiff's argument is persuasive.

In Morgan, 536 U.S. at 105, 115-22, the Supreme Court held that the discrete event analysis is not applicable to a hostile work environment claim as it is comprised of a series of separate acts that make up one unlawful employment practice.  Consequently, even untimely acts may be considered when determining liability so long as Plaintiff initiated contact with the EEO Counselor within forty-five days of an event alleged to comprise part of the hostile work environment claim.  Id.

Here, Plaintiff timely made contact with his EEO Counselor for other events claimed to contribute to a hostile work environment.  Consequently, the Court finds that the 2002 events may be considered part of an unlawful employment practice even though, standing alone, the alleged 2002 events would have been time-barred.  Defendant's motion for summary judgment, as it pertains to Plaintiff's hostile work environment claims, is denied.

<u>**CONCLUSION**</u>

Defendant's Motion for Summary Judgment (Dkt. No. 30) is **GRANTED** in part and **DENIED** in part, as delineated more fully herein.  Plaintiff's cross-Motion for Partial Summary Judgment (Dkt. No. 33) is **DENIED**.  Judgment will be entered at the conclusion of these proceedings.

IT IS SO ORDERED this 3rd day of June, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge